ATLANTIC CITY AND SHORE RAILROAD COMPANY, PROSECUTOR, v. STATE BOARD OF ASSESSORS, RESPONDENTS.

Submitted November 6, 1914—Decided February 16, 1915.

The act of the legislature (*Pamph. L.* 1913, *p.* 448), which is a supplement to the act of 1906, *p.* 644, providing for the assessment and collection of a franchise tax in cases where street railway systems are operated by steam railroad companies, or operated over and upon the tracks of steam railroad companies, does not offend against the constitution.

On *certiorari.*

Before Justices TRENCHARD, BERGEN and BLACK.

For the prosecutor, *Bourgeois & Coulomb.*

For the state board of assessors, *John W. Wescott,* attorney-general.

For Atlantic City, *Theodore W. Schimpf.*

For Ventnor City, *John S. Westcott.*

For Margate City, *Joseph Thompson.*

For Longport, *Harry Wootton.*

For Ocean City, *Albert A. Howell.*

The opinion of the court was delivered by

BLACK, J.   This is a *certiorari* to review the assessment for taxes made by the state board of assessors for the year 1913, in favor of Atlantic City, Ventnor City, Margate City, Longport borough and Ocean City, against the Atlantic City and Shore Railroad Company, under the act for the taxation

138        NEW JERSEY SUPREME COURT.

Atlantic City & S. R. R. v. State Bd. Assessors.'  87 N. J. L.

of the property and franchises of street railroad corporations
using or occupying public streets (*Pamph. L.* 1906, *p.* 644),
and the supplement to such act, for the assessment and col-
lection of a franchise tax in cases where street railway systems
are operated by steam railroad companies or operated over
and upon the tracks of steam railroad companies. *Pamph.
L.* 1913, *p.* 448. The total tax thus assessed was $9,378.44,
and apportioned as follows: Atlantic City, $7,753.50; Vent-
nor City, $730.10; Margate City, $460.54; Longport bor-
ough, $205.53; Ocean City, $228.78. The Atlantic City and
Shore Railroad Company was incorporated under the act
concerning railroads (*Rev.* 1903, *p.* 645), on the 31st day of
October, 1905, and extends from a point in the township of
Egg Harbor to a point in the city of Atlantic City. The
length of the road, as near as may be, is one and one-tenth
miles. The company has an ordinance from Atlantic City
permitting it to construct and operate its tracks along and
upon South Carolina avenue in Atlantic City. So there is
an ordinance of the city of Ocean City granting it the right
to operate a single track railroad on Eighth street in that
city. The state board of assessors found and determined
that Atlantic and South Carolina avenues in Atlantic City
are public highways, and that, in point of fact, the system
operated over these highways was a street railway system,
notwithstanding the fact that the company was incorporated
under the Steam Railroad act.

The entire right of way is and always has been assessed by
the state board of assessors, as main stem of the several rail-
road companies owning the same and has paid a tax to the
State of New Jersey as other railroad property. *Camden, &c.,
Railroad Co.* v. *City of Atlantic City,* 58 *N. J. L.* 316. The
assessment of the right of way through Atlantic avenue,
Atlantic City, has been at a percentage of the value of the
land based on the board's idea of the relative value of the
user, by the railroad company and the public; in the pro-
portion of railroad use at ten per cent. and the public use at
ninety per cent. The board found and determined that this
is a street railway system. The system is operated by a steam

railroad company, over the tracks of another steam railroad company, except for the Central Passenger Railway Company, which is a trolley company, but is only occupying public streets on Eighth street in Ocean City, and one thousand five hundred feet on South Carolina avenue in Atlantic City. The board further found that the use of the strip of land through Atlantic City, Ventnor and Margate cities, north of Cedar Grove avenue, has become such as to make that strip of land a part of the public street, known as Atlantic avenue, and that by constant user the public and the municipalities have acquired such an easement over it as to make it a public street or highway, within the meaning of chapter 249 of the laws of 1913, page 448.

The board's conclusions are supported by the evidence returned in the record. There is little or no dispute concerning the facts, for the most part they are not controverted. We are satisfied not only with the determination of the state board of assessors upon the questions of fact, but their conclusions deduced therefrom.

The tax thus assessed by the state board of assessors against the prosecutor is challenged, first, on the ground that the Atlantic City and Shore Railroad Company does not occupy any street, highway or public place within the meaning of the act of 1906, page 644. This, in the first instance, is a question of fact. The state board of assessors have found the contrary and there is ample evidence in the record to sustain such findings; this objection cannot prevail. Second, it is urged that whether or not the prosecutor occupies the public streets, the act of 1906 cannot justify the assessment under review, because it would be double taxation, citing from the well known case of *Jersey City Gas Light Co.* v. *Jersey City,* 46 *N. J. L.* 194, 196, in which it is declared, that the policy of our law is against double taxation, and while such taxation, on the same property in different forms and in different hands is not invalid, merely because it is double taxation, yet a construction of the law, which would authorize such a double assessment, is not to be adopted unless it is required by the express terms of the statute or by

necessary implication. If it be conceded that the assessment · is a double taxation, in which we do not concur, that case is an authority in point against the prosecutor's contention. The assessment under review is a franchise tax. *Paterson, &c., Electric Co.* v. *State Board of Assessors,* 69 *Id.* 116; 70 *Id.* 825. This assessment cannot be set aside on that ground. Third, it is further urged by the prosecutor that the act of ·1913, page 448, is unconstitutional, because its object is not expressed in its title. The point is made that as the title of the act of 1906 was not amended by the supplement of 1913 (*Pamph. L., p.* 448), it was sought by that supplement to extend the application of the act to street railway systems operated by steam railroad corporations; such a purpose is not expressed within the title of the act, and the act is therefore unconstitutional. Constitution, article 4, section 7, *placitum* 4. This objection cannot prevail in view of our decisions construing this clause of the state's constitution. The act of 1913 does not offend against this provision of the constitution. *Griffith* v. *City of Trenton,* 76 *Id.* 23; *State* v. *Twining,* 73 *Id.* 683; *State* v. *Corson,* 67 *Id.* 178; *Stagway* v. *Riker,* 84 *Id.* 201.

The assessment is therefore affirmed.